UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Timothy Wright, | ) | C/A No. 2:15-cv-03274-TMC-KDW |
|           Plaintiff, | ) ) ) | REPORT AND RECOMMENDATION |
| vs. | ) ) | |
| Security Equipment Corporation, and John Doe, President of SEC, | ) ) ) | |
|           Defendants. | ) | |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.      Factual Background

Timothy Wright ("Plaintiff") is an inmate in the South Carolina Department of Corrections ("SCDC") prison system. In the Complaint now under review, Plaintiff sues Security Equipment Corporation ("SEC"), a Missouri-based manufacturer of certain chemical munitions that SCDC personnel allegedly used on Plaintiff on three different occasions. Previously, Plaintiff filed in this court three separate lawsuits against the SCDC personnel. *See Wright v. Wellington*, No. 5:12-1748-TMC; *Wright v. Mack*, No. 5:12-2232-TMC; *Wright v. Turbide*, 5:14-2219-TMC. Plaintiff also names the corporation's president, "John Doe," as a Defendant. Plaintiff's Complaint indicates his claim is one for "unfair trade practices" under this court's diversity jurisdiction; he does not provide a citation to any specific state or federal statute as the

basis for this "unfair trade practices" claim. Compl. 3, ECF No. 1.[1] He alleges Defendants' products did not contain sufficiently clear instructions prevent the end users (SCDC) from using the products in such a dangerous way that they cause permanent injuries and "severe pain and suffering to Plaintiff." *Id*. at 4. Plaintiff specifically references the names of the chemical munitions used against him, alleges that the products could cause serious health hazards, and asserts that "the instructions were so vague on amount to be used by SCDC that is caused a severe pain and suffering to Plaintiff." *Id*. at 4.

Plaintiff does not include factual allegations in his Complaint describing the manner in which he was allegedly injured or the nature of the injuries he allegedly suffered from SCDC's use of Defendants' products. Instead, he provides the dates on which the injuries allegedly occurred (April 2, 2011; September 7, 2011; April 4, 2012) and gives the case numbers of his three previous cases against three separate SCDC corrections officers. *Id*. Plaintiff asserts that the "allegations [in those previous cases are] incorporated herein liberation [sic] to show *how* S.E.C. client used the product to cause severe damage to Plaintiff." *Id*. at 3-4. He concludes his allegations by stating that "Defendants['] actions are in violation of an unsafe trade practice act and a severe threat to the safety and health of Plaintiff." *Id*. at 4. Plaintiff asks this court to award him $1,000,000.00 in damages. *Id*. at 4.

---

[1] Although Plaintiff references "42 U.S.C. § 1983" at the beginning of his allegations, he does not allege that Defendants violated any federal constitutional rights; therefore, he does not state a plausible § 1983 claim. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (to state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws *of the United States* was violated, and (2) that the alleged violation was committed by a person acting under the color of state law). There is no federal statute or act titled "unfair trade practices" under which this court would have original authority to determine controversies; however, 15 U.S.C. § 45 does delegate authority over such matters to the Federal Trade Commission, but does not provide a private right of action. *See Akers v. Bonfasi*, 629 F. Supp. 1212, 1221-22 (M.D. Tenn. 1985) (collecting cases). South Carolina does have such an act—the South Carolina Unfair Trade Practices Act, or "SCUTPA"—that this court may implement in the appropriate case under its diversity jurisdiction: S.C. Code Ann. §§ 39-5-10 through 39-5-560; *see* § 39-5-140 (providing a private right of action for damages for violation of the act).

II. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III. Discussion

Initial pleadings, whether submitted by attorneys or by pro se litigants, must contain sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that *Iqbal* plausibility standard

applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)); *Godbey v. Simmons*, No. 1:11cv704 (TSE/TCB), 2014 WL 345648, at *4 (E.D. Va. Jan. 30, 2014) ("Whether filed by a pro se litigant or not, 'claims brought in federal court are subject to the generally applicable standards set forth in the Supreme Court's entire Rule 8(a) jurisprudence, including *Twombly* and *Iqbal*.'") (quoting from *Cook v. Howard*, 484 F. App'x 805, 810 (4th Cir. 2012)). Even though a pro se plaintiff's pleadings are to be liberally construed, a pro se complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (citations omitted); *see Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 248, 253-54 (4th Cir. 2005) (pro se pleading dismissal affirmed where insufficient facts alleged to put defendants on notice of or to support asserted due-process claim). The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. *Twombly,* 550 U.S. at 555; *see also Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 256 (4th Cir. 2009) (examining sufficiency of factual allegations under *Iqbal* standards). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor will mere labels and legal conclusions suffice. *Id.* Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Thus, any litigant, including a pro se litigant like Plaintiff, must provide sufficient factual allegations supporting each element of the kind of legal claim he seeks to pursue in this court to allow this court to "draw the reasonable inference that [Defendants are] liable for the misconduct alleged." *Id.*; *see Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003) (a plaintiff must allege facts that support each element of the claim advanced); *Leblow v. BAC Home Loans*

4

*Servicing, LP*, No. 1:12-CV-00246-MR-DLH, 2013 WL 2317726, at *3 (W.D.N.C. May 28, 2013) (same).

Additionally, while Federal Rule of Civil Procedure 10(c) allows a litigant to adopt by reference and, therefore, not be forced to re-write in a current pleading, "[a] statement in a pleading . . . in any other pleading or motion," such incorporation is limited to documents and pleadings already filed in the same case. "A pleading may not adopt other pleadings from a wholly separate action. *See Tex. Water Supply Corp. v. R.F.C.,* 204 F.2d 190, 196–97 (5th Cir. 1953) (noting that while Fed. R. Civ. P. 10(c) permits reference to other pleadings in the same case, no rule permits adoption of statements from a pleading in a separate case)." *Constellation Energy Commodities Grp. Inc. v. Transfield ER Cape Ltd.*, 801 F. Supp. 2d 211, 223 (S.D.N.Y. 2011). *See also, e.g.*, *Macias v. N.M. Dep't of Labor*, 300 F.R.D. 529, 562-63 (D.N.M. 2014); *Armstrong v. Spearman*, No. 1:13-CV-00246-AWI, 2014 WL 2575439, at *7 (June 9, 2014), *report and recommendation adopted*, 2014 WL 4418109 (E.D. Cal. Sept. 5, 2014); *McLemore v. Bank of N.Y. Mellon*, No. 10-13093, 2011 WL 1102804, at *2 (E.D. Mich. Mar. 23, 2011) (citing *Tex. Water Supply Corp.,* 204 F.2d at 196); *United States v. Int'l Longshoremen's Ass'n*, 518 F. Supp. 2d 422, 465 (E.D.N.Y. 2007); *Rohde v. Rippy Surveying Co.*, 132 F.3d 1455, 1455 n.1 (5th Cir. 1997)); 5A Wright & Miller, *Fed. Prac. & Proc. Civ.* § 1326 (3d ed. 2015). Thus, Plaintiff's attempt to incorporate by reference his factual allegations in three different cases filed against three entirely different defendants describing the way SCDC officers used Defendants' products against him and the resulting injuries alleged instead of including such factual allegations in the Complaint under review is legally ineffective.

Plaintiff's Complaint may be liberally construed as one seeking to raise a claim against Defendants under the SCUTPA. *See supra* n.1. As such, without facts showing the way Defendants' products were used or the type and severity of the injury or "pain and suffering" to

Plaintiff, the Complaint now under review is excessively conclusory and threadbare and does not support the "actual and ascertainable damages as a result of the defendant's use of the unlawful trade practice" element of an Unfair Trade Practices claim under South Carolina law. *See Brooks v. GAF Materials Corp.*, 41 F. Supp. 3d 474, 487 (D.S.C. 2014) (citing *Havird Oil Co. v. Marathon Oil Co.,* 149 F.3d 283, 291 (4th Cir. 1998)).[2] Without the required additional facts supporting the elements of Plaintiff's claims, no plausible claims are stated against either of the two Defendants named in this case.

IV.     Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

September 16, 2015                                        Kaymani D. West
Florence, South Carolina                                United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[2] The undersigned expresses no opinion as to whether any iteration of Plaintiff's claims could be successful. *Cf.* S.C. Code Ann. §§ 15-3-530, 15-3-535 (requiring most actions be "commenced within three years after the person knew or by exercise of reasonable diligence should have known that he had a cause of action").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).